# United States District Court
## for the District of Columbia

John Doe, a Private Citizen and natural person proceeding under the protective designation "John Doe" solely to protect his identity, as Next Friend for B. J. K., a civilian and natural person identified by initials solely to protect his identity,

**Plaintiff,**

Case: 1:26–cv–02846
Assigned To : Unassigned
Assign. Date : 8/9/2026
Description: Pro Se Gen. Civ. (F–DECK)

**v.**

Jeanine Ferris Pirro, a natural person;
Todd Blanche, a natural person; and
The natural person presently serving as Warden of FCI Coleman Camp, in official custodial capacity,
**Respondents.**

Civil Action No. __________

## Public Packet A
## Verified Constitutional Complaint in Equity

Plaintiff John Doe, a Private Citizen and natural person appearing solely as Next Friend for B. J. K., respectfully presents this verified constitutional complaint in equity and states as follows:

### Introduction

**1.** Plaintiff John Doe is a Private Citizen and natural person.

**2.** Plaintiff proceeds publicly under the protective designation "John Doe" solely to protect his identity from unnecessary public disclosure, retaliation, intimidation, prejudice, or other harm.

**3.** The name "John Doe" is a protective designation only and does not alter Plaintiff's natural identity, capacity, responsibility, good faith, or obligation to present truthful allegations.

**4.** Plaintiff appears solely as Next Friend for B. J. K.

**5.** The restrained natural person is identified publicly by the initials "B. J. K." solely to protect his identity, privacy, personal security, liberty interests, and the integrity of this proceeding.

**6.** The initials "B. J. K." are a protective identifier only and do not alter the restrained person's natural identity, civilian character, interests, or entitlement to meaningful review.

**7.** John Doe is the Plaintiff appearing as Next Friend.

**8.** B. J. K. is the restrained civilian whose continuing physical custody is placed before the Court for equitable review.

**9.** Plaintiff personally knows B. J. K. through a longstanding, direct, genuine, and continuing relationship of trust and mutual confidence, spanning a substantial period and involving regular personal communication concerning B. J. K.'s circumstances, interests, and liberty.

**10.** Plaintiff has maintained meaningful, ongoing communication with B. J. K.—including recent communications in which B. J. K. expressed the desire that the continuing restraint receive meaningful and complete review—and possesses personal knowledge of B. J. K.'s present restraint, circumstances, expressed interests, and practical inability to appear with the freedom available to an unrestrained person.

**11.** Plaintiff appears because B. J. K. is presently physically restrained at FCI Coleman Camp and, by reason of that restraint, cannot with equal practical freedom investigate, assemble records, consult confidentially, verify allegations, sign, transmit, and pursue a complete presentation before this Court.

RECEIVED
AUG 09 2026
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

**12.** The restraint materially limits B. J. K.'s ability to investigate, prepare, verify, sign, transmit, file, and pursue a complete presentation without obstruction arising from the restraint itself, including restricted access to unrestricted communication, research materials, private consultation, and direct court access.

**13.** Plaintiff appears so that the restraint does not become the means by which examination of that restraint is prevented, frustrated, delayed, or rendered ineffective, and so that B. J. K.'s expressed interest in liberty may be placed before the Court by a real natural person with genuine dedication to that interest.

**14.** B. J. K. is a civilian and non-enemy combatant.

**15.** John Doe is likewise a civilian, Private Citizen, and non-enemy person.

**16.** Plaintiff seeks a complete equitable examination of the source, nature, chain, present sufficiency, and continued exercise of the authority asserted for B. J. K.'s restraint.

**17.** Plaintiff requests that each Respondent identify the authority personally asserted, exercised, communicated, supervised, maintained, implemented, defended, or enforced in connection with the restraint.

**18.** Plaintiff further requests that the immediate custodian provide a complete custodial return identifying the present basis upon which B. J. K. remains physically restrained.

**19.** Plaintiff further requests a complete accounting, preservation, restoration, and return of all tangible and intangible property taken, retained, transferred, controlled, used, withheld, or otherwise affected in connection with the restraint of B. J. K.

**20.** Plaintiff requests that each Respondent state whether that Respondent claims that either B. J. K. or John Doe is an enemy, enemy combatant, belligerent, hostile actor, or agent of an enemy force.

**21.** Should any Respondent make such a claim, Plaintiff requests a particularized showing of the actual facts, conduct, affiliation, direction, mission, evidence, and source upon which that claim depends.

**22.** This proceeding is directed *in personam* toward the natural persons responsible for asserting, maintaining, supervising, defending, or executing the challenged restraint.

## Constitutional and Equitable Character of the Proceeding

**23.** This proceeding concerns the continuing physical restraint of a natural person's liberty.

**24.** Equity examines substance rather than form.

**25.** Equity looks beyond titles, labels, summaries, administrative descriptions, assumptions, and procedural appearances to determine the actual nature of a restraint and the authority by which it is maintained.

**26.** Plaintiff alleges that no natural person should continue restraining another natural person without identifying a presently sufficient, complete, and reviewable basis for doing so.

**27.** Plaintiff does not ask the Court to presume that authority is absent.

**28.** Plaintiff asks the Court to require the persons asserting or enforcing custodial authority to disclose, return, establish, and account for the complete basis upon which that authority is presently maintained.

**29.** The injury presented is not merely historical.

**30.** It continues each day that B. J. K. remains physically restrained.

**31.** Days of liberty lost during delay cannot later be restored.

**32.** Complete and prompt equitable review is therefore necessary to determine whether the restraint may properly continue.

**33.** Plaintiff seeks relief directed toward the natural persons whose conduct, authority, communication, supervision, or custody gives present effect to the restraint.

**34.** Equity acts *in personam* and may direct the persons before the Court to disclose, return, account, preserve, perform, cease, or correct conduct necessary to accomplish complete justice.

## Protective Designations and Private Identification

**35.** Plaintiff proceeds publicly as "John Doe" because disclosure of his identity is not necessary to determine the substantive questions presented, and because public disclosure may expose Plaintiff to unnecessary risk of retaliation, intimidation, or prejudice arising from this appearance.

**36.** B. J. K. is identified by initials because public disclosure of his complete identity is likewise unnecessary to determine the source and sufficiency of the restraint, and because protection of the restrained person's identity serves privacy, personal security, and the integrity of this proceeding.

**37.** The protective designations do not conceal either person from the Court. Plaintiff expressly offers full identification of both John Doe and B. J. K. under seal or other protected submission so that the Court may verify standing, relationship, and custody.

**38.** Plaintiff is prepared to submit privately, promptly upon the Court's direction, sufficient identifying information for both John Doe and B. J. K., including such information as will permit the Court and the custodial Respondent to confirm identity, relationship, and present custody.

**39.** Plaintiff requests that identifying material be received through a protected submission, maintained under seal, and withheld from unnecessary public disclosure, while remaining fully available to the Court for determination of Next Friend standing and all other issues.

**40.** Plaintiff requests that publicly available documents continue to identify the Next Friend as "John Doe" and the restrained civilian as "B. J. K." unless the Court directs otherwise.

**41.** Plaintiff further requests that documents containing either person's complete name, location, personal identifiers, private communications, or other sensitive information be protected from unnecessary disclosure.

**42.** The protective designations preserve the Court's ability to conduct complete review—including verification of Next Friend standing—without exposing private identities beyond what review requires.

## Parties

**43.** Plaintiff John Doe is a Private Citizen and natural person appearing solely as Next Friend for B. J. K. Plaintiff is a real natural person, of full age and capacity, prepared to identify himself to the Court under protective submission.

**44.** Plaintiff personally knows B. J. K. through a longstanding, direct, and continuing relationship of trust. The relationship is not remote, theoretical, or newly invented for litigation; it predates this filing and has involved regular communication concerning B. J. K.'s welfare and liberty.

**45.** Plaintiff's relationship with B. J. K. is genuine, substantial, continuing, and sufficient to provide Plaintiff with personal knowledge of B. J. K.'s restraint, circumstances, communications, wishes, and practical inability to appear freely. Plaintiff is truly dedicated to B. J. K.'s best interests in this matter.

**46.** Plaintiff has maintained direct and recent communication with B. J. K. Through those communications, Plaintiff understands and represents that B. J. K. desires meaningful review of the continuing restraint upon his liberty and has authorized or expressed support for this Next Friend appearance to that end.

**47.** Plaintiff's interests are fully aligned with those of B. J. K. Plaintiff seeks only what B. J. K. seeks: complete equitable examination of the restraint and, if no sufficient present basis is shown, restoration of liberty and return of property.

**48.** Plaintiff's interests are not adverse, divided, commercial, financial, or self-serving. Plaintiff has no claim against B. J. K., no conflicting loyalty, and no agenda separate from B. J. K.'s expressed interest in liberty.

**49.** Plaintiff seeks no personal, financial, proprietary, or collateral benefit from this proceeding. Plaintiff receives no compensation, fee, or advantage for appearing as Next Friend.

**50.** Plaintiff appears solely to protect B. J. K.'s expressed interest in liberty and to place the continuing restraint before the Court for complete equitable review, because B. J. K. cannot presently do so with the freedom and practical access available to an unrestrained person.

**51.** Respondent Jeanine Ferris Pirro is named as a natural person whose acts, omissions, communications, representations, supervision, participation, or asserted authority concerning the restraint are presented for

equitable examination.

**52.** Respondent Todd Blanche is named as a natural person whose acts, omissions, communications, representations, supervision, participation, or asserted authority concerning the restraint are presented for equitable examination.

**53.** The natural person presently serving as Warden of FCI Coleman Camp is named in official custodial capacity as the immediate custodian exercising present physical control over B. J. K.

**54.** The custodial Respondent possesses the present ability to identify the custodial basis, provide a custodial return, preserve and produce relevant records, produce B. J. K., and give practical effect to relief directed by the Court.

**55.** The custodial Respondent is included so that the natural person presently capable of answering concerning the custody and carrying out relief is before the Court.

**56.** Each Respondent is addressed as a natural person responsible for acts, omissions, decisions, assertions, communications, supervision, maintenance, defense, or execution affecting the continuation of the restraint.

## Relationship Between John Doe and B. J. K.

**57.** Plaintiff has personally known B. J. K. for a substantial period through a direct and continuing relationship. The relationship is personal, not institutional; it is grounded in mutual knowledge, trust, and concern for B. J. K.'s liberty and welfare.

**58.** Plaintiff is not a stranger, unrelated volunteer, professional advocate without personal connection, or person attempting to interfere with B. J. K.'s interests. Plaintiff is a natural person with a genuine pre-existing relationship to B. J. K.

**59.** Plaintiff has maintained meaningful and continuing communication with B. J. K., including communications during the period of restraint, and has direct personal knowledge of B. J. K.'s present circumstances, conditions of confinement, and expressed wishes.

**60.** Through those communications, Plaintiff understands and represents that B. J. K. desires that the restraint receive meaningful and complete review, and that B. J. K. supports Plaintiff's appearance as Next Friend for that limited purpose.

**61.** Plaintiff knows that B. J. K. remains physically restrained at FCI Coleman Camp and has personal knowledge of the practical barriers that restraint creates for investigation, preparation, and presentation of a challenge to custody.

**62.** Plaintiff knows that the restraint limits B. J. K.'s access to unrestricted communication, records, research materials, confidential assistance, transportation, private consultation, and direct access to the Court—limits that make equal practical ability to present this matter independently unavailable.

**63.** The relationship between Plaintiff and B. J. K. is one of trust, concern, communication, and aligned interests. Plaintiff is dedicated to B. J. K.'s best interests concerning the continuing restraint and has no adverse or divided loyalty.

**64.** Plaintiff acts in good faith and solely for the protection of B. J. K.'s liberty and expressed interests. Plaintiff has undertaken this appearance after communication with B. J. K. and in response to B. J. K.'s expressed desire for review.

**65.** Plaintiff receives no compensation, fee, gift, or personal advantage from appearing as Next Friend. Plaintiff has no financial, proprietary, or collateral stake in the outcome apart from B. J. K.'s liberty interest.

**66.** Plaintiff undertakes to submit, contemporaneously with this complaint or immediately upon the Court's direction, a verified declaration under penalty of perjury—under seal—establishing: (a) Plaintiff's true identity and capacity; (b) B. J. K.'s identifying information sufficient for the Court and custodian to confirm custody; (c) the nature, duration, and history of the relationship; (d) the substance of communications with B. J. K., including B. J. K.'s expressed desire for review and support for this appearance; (e) Plaintiff's good faith and absence of personal, financial, or collateral benefit; and (f) the necessity of the Next Friend appearance. Together with that

sealed declaration, Plaintiff submits under seal Packet B, containing an oath of allegiance and a rescission of signature, offered in support of standing, civilian character, and the demand that any instrument relied upon be examined for present sufficiency. Plaintiff requests that the sealed declaration and Packet B be received and considered for determination of standing and related issues without public disclosure of the protected identities or the contents of Packet B.

## Capacity and Necessity of the Next Friend

**67.** B. J. K. is presently restrained and lacks the practical freedom available to an unrestrained person to prepare and pursue a complete equitable presentation. The disability is practical and continuous: it arises from physical custody itself and from the restrictions on communication, research, consultation, and court access that custody imposes.

**68.** The same restraint being challenged interferes with B. J. K.'s practical ability to investigate and present the basis of that challenge. Equity does not require the restrained person to overcome the very restraint under review before the restraint may be examined.

**69.** Plaintiff appears as Next Friend so that the restraint does not prevent meaningful examination of its own source and continuation. Next Friend standing is necessary precisely because the injury complained of includes the impairment of B. J. K.'s ability to litigate freely.

**70.** Plaintiff's appearance is protective, representative, and limited strictly to advancing B. J. K.'s expressed interests concerning the continuing restraint. Plaintiff does not seek to control B. J. K.'s person, property, or future choices beyond the scope of this review.

**71.** Plaintiff does not claim ownership, control, guardianship, dominion, or personal authority over B. J. K. Plaintiff's role is solely that of a dedicated Next Friend placing B. J. K.'s complaint before the Court.

**72.** Plaintiff does not seek to replace the voice, will, wishes, or interests of B. J. K. Plaintiff carries forward what B. J. K. has expressed: the desire for complete review of the continuing restraint.

**73.** Plaintiff seeks to carry B. J. K.'s complaint before the Court because B. J. K. cannot presently do so with complete freedom and equal practical access. The Next Friend device exists for precisely this circumstance—so that custody does not silence the challenge to custody.

**74.** Plaintiff is a real natural person of full age and capacity, with a genuine and significant relationship to B. J. K., and with personal knowledge of the facts alleged concerning the relationship and communications. Plaintiff will prove these facts by the sealed verified declaration described above, together with Packet B submitted under seal.

**75.** Upon filing of the sealed verified declaration and Packet B, Plaintiff requests that the Court recognize Next Friend standing so that equitable review of the continuing restraint and of the property connected with Case Number 1:21-cr-20243 may proceed without further delay, consistent with the maxim that delay defeats equities and that irreparable harm compounds daily.

## Civilian and Non-Enemy Character

**76.** B. J. K. is a civilian and natural person.

**77.** B. J. K. is not an enemy combatant.

**78.** B. J. K. has not taken up arms as part of an enemy force.

**79.** B. J. K. has not entered under enemy military direction to carry out a hostile military mission.

**80.** B. J. K. has not joined, represented, or acted under the command of an enemy military force.

**81.** John Doe is likewise a civilian, Private Citizen, and natural person.

**82.** John Doe is not an enemy combatant.

**83.** John Doe does not appear on behalf of an enemy force, hostile military power, belligerent command, or foreign military organization.

**84.** John Doe appears solely as Next Friend for a restrained civilian.

**85.** Plaintiff alleges that civilian character cannot be displaced by implication, silence, suspicion, confinement, correspondence, association, advocacy, or unsupported characterization.

**86.** Plaintiff further alleges that any assertion of enemy character must be stated directly and supported by particularized facts.

**87.** No adverse enemy designation should be presumed merely because B. J. K. is confined.

**88.** No adverse enemy designation should be presumed merely because John Doe seeks equitable review on B. J. K.'s behalf.

**89.** If any Respondent contends that B. J. K. or John Doe is an enemy, enemy combatant, belligerent, hostile actor, or agent of an enemy force, that Respondent should identify the specific facts upon which the contention depends.

## Civilian Process Owed to B. J. K.

**90.** As a civilian and non-enemy combatant, B. J. K. is owed meaningful civilian process concerning the continuing restraint of his liberty.

**91.** Meaningful process requires clear notice of the asserted basis of the restraint.

**92.** Meaningful process requires a genuine opportunity to answer that asserted basis.

**93.** Meaningful process requires examination by a neutral judicial authority.

**94.** Meaningful process requires access to the actual instruments, records, evidence, and factual assertions upon which continued custody depends.

**95.** The restraint itself should not be permitted to defeat B. J. K.'s practical ability to challenge the restraint.

**96.** Labels, summaries, unexplained records, and conclusory assertions do not substitute for a complete account where physical liberty remains restrained.

**97.** Plaintiff requests an examination sufficient to determine whether B. J. K. has been treated according to his civilian character or subjected to an implied or unsupported enemy characterization.

## Civilian Character and the Distinction Reflected in *Ex parte Milligan* and *Ex parte Quirin*

**98.** The central question before the Court is whether a presently sufficient basis exists for the continuing physical restraint of B. J. K. Civilian character is relevant to the process and examination owed; it is not a substitute for identifying the actual instrument of custody.

**99.** Plaintiff presents *Ex parte Milligan* and *Ex parte Quirin* only to illuminate the historical distinction between a civilian and a person alleged to have acted under enemy military direction—and to reject any implied or unsupported enemy characterization.

**100.** In *Ex parte Milligan*, the restrained person was treated as a civilian who was not serving as part of an enemy military force. *Milligan* reflects that civilian protection cannot be displaced merely by official assertion without examination of actual status.

**101.** *Ex parte Quirin* arose from materially different alleged circumstances involving persons claimed to have acted under enemy direction for hostile wartime purposes. *Milligan* and *Quirin* are not interchangeable.

**102.** An enemy characterization cannot arise from a title, conclusion, implication, unexplained designation, or the mere fact of confinement. No facts have been identified showing that B. J. K. or John Doe entered under enemy command, carried out an enemy mission, joined an enemy force, or acted as a belligerent.

**103.** If any Respondent contends otherwise, that Respondent should identify every specific fact upon which the contention depends. Silence or label is not a showing.

**104.** These historical references are subordinate to the primary equitable demand: that Respondents immediately identify, produce, and account for the complete present basis of the restraint of B. J. K., and that the Court

examine whether that basis is presently sufficient.

**105.** Plaintiff requests that the actual status and conduct of B. J. K. and John Doe be examined rather than replaced by unsupported characterization, and that the actual instruments of custody be produced rather than assumed.

**106.** B. J. K. is alleged to be a civilian and non-enemy combatant entitled to meaningful process concerning the continuing restraint of his liberty.

**107.** John Doe is alleged to be a civilian and non-enemy person appearing solely as Next Friend.

**108.** The process owed includes clear notice of the asserted basis of restraint, a genuine opportunity to answer that basis, examination by a neutral judicial authority, and access to the actual instruments upon which continued custody depends.

**109.** Labels, summaries, unexplained records, and conclusory assertions do not substitute for production of the complete operative instruments.

**110.** The restraint itself should not be permitted to defeat B. J. K.'s practical ability to challenge the restraint.

**111.** Plaintiff requests examination sufficient to determine whether a presently sufficient basis for custody exists and whether B. J. K. has been treated according to his civilian character.

**112.** If no Respondent claims enemy character, Respondents should proceed consistently with civilian and non-enemy character.

**113.** The historical distinction is offered to clarify character; the operative demand remains production and examination of the present custodial authority.

## Statement of Present Facts

**114.** B. J. K. is presently confined at FCI Coleman Camp.

**115.** The confinement constitutes an ongoing physical restraint upon liberty.

**116.** The natural person presently serving as Warden maintains immediate physical custody and control over B. J. K.

**117.** The other Respondents are alleged to possess, exercise, communicate, supervise, rely upon, defend, or participate in authority affecting the continuation of that restraint.

**118.** Plaintiff has sought to determine the complete and presently operative basis for the continuing restraint.

**119.** The complete source, chain, scope, and present sufficiency of the asserted custodial authority have not been established through a complete custodial return before this Court.

**120.** The continued restraint depends upon actual and presently sufficient authority rather than assumptions, labels, titles, summaries, administrative references, or incomplete records.

**121.** Complete examination requires identification and production of every instrument presently relied upon to maintain custody—including any judgment, commitment, warrant, order, mittimus, certification, delegation, directive, or other writing connected with Case Number 1:21-cr-20243 or otherwise—together with a plain statement whether each such instrument is claimed to be presently sufficient to authorize the continuing restraint of B. J. K.

**122.** Each natural person participating in continuation of the restraint should identify the specific authority personally relied upon and produce the complete instrument, not a summary or secondary description.

**123.** Plaintiff seeks review of the present and continuing exercise of custodial power. Equity examines whether a sufficient present basis exists—not whether some historical or administrative label has been attached.

**124.** The restraint remains active at the time of this presentation.

**125.** Every day of continued restraint creates additional injury that cannot later be fully restored. Irreparable harm to liberty compounds daily.

**126.** Delay risks rendering eventual relief incomplete. Plaintiff therefore demands that Respondents address the custodial authority over B. J. K. immediately, identify every instrument relied upon, and state whether that authority is claimed to be presently sufficient.

## Absence of an Adequate Remedy

**127.** Liberty is unique and cannot be replaced by money. Equity acts specifically to protect what damages cannot restore.

**128.** Time spent under restraint cannot be returned once lost. Irreparable harm compounds daily. Delay defeats equities; immediate attention to the custodial authority is therefore essential.

**129.** Relief available only after extended delay would not prevent the continuing injury and would leave equity incomplete. Plaintiff therefore demands that Respondents address the custodial authority over B. J. K. immediately.

**130.** An incomplete remedy would leave unresolved the present authority by which the restraint is maintained. Equity delights to do complete justice, not justice by halves.

**131.** Equity is necessary because the relief sought requires disclosure, accounting, production, examination, preservation, restraint of conduct, corrective action, restoration, and return of property directed toward the natural persons involved.

**132.** Plaintiff requests complete relief rather than fragmented consideration of isolated portions of the custodial chain or property trail, consistent with the maxim that equity delights to accomplish complete justice.

## Equitable Principles

**133.** Equity will not suffer a wrong to exist without a remedy. The continuing physical restraint of a civilian's liberty without a presently sufficient, disclosed, and reviewable basis is a wrong equity is competent to address.

**134.** Equity acts *in personam*. Relief is directed to the natural persons who assert, maintain, supervise, defend, or execute the restraint, and who possess, control, or have handled property connected with it.

**135.** Equity regards substance rather than form. Titles, labels, administrative descriptions, summaries, and procedural appearances do not control where the substance of authority and the fact of continuing restraint are in question.

**136.** Equity looks to the intent rather than to the form. The actual nature of the restraint, the real basis of custody, and the true character of the persons involved must be examined rather than assumed from designations alone.

**137.** Equity regards as done that which ought to be done. What ought to have been disclosed, returned, preserved, or accounted for is treated as owing, so that complete justice may be accomplished.

**138.** Equity delights to accomplish complete justice and not justice by halves. The restraint of the person and the handling of property connected with that restraint are examined together so that relief is not fragmented.

**139.** He who seeks equity must do equity. Plaintiff submits to the Court's equitable direction and is prepared to provide verification, private identifying information, relationship evidence, and such assurances as complete review requires.

**140.** He who comes into equity must come with clean hands. Plaintiff appears in good faith, without personal financial motive, and solely to advance B. J. K.'s expressed interest in liberty and meaningful review.

**141.** Equity aids the vigilant, not those who slumber on their rights. The restraint itself impairs B. J. K.'s practical ability to investigate and present the challenge; the Next Friend appearance exists so that the restraint does not defeat examination of its own continuation.

**142.** Delay defeats equities. Days of liberty lost cannot be restored. Prompt equitable review is therefore required so that delay does not itself become the injury.

**143.** Equality is equity. Like cases and like persons are to be treated alike. A civilian and non-enemy person is entitled to the process and examination owed to that character.

**144.** Equity follows the law, yet does not permit form, label, or procedural appearance to defeat the substance of liberty or to prevent examination of the actual authority by which restraint is maintained.

**145.** Where the equities are equal, the law must prevail. Plaintiff does not ask the Court to ignore lawful authority; Plaintiff asks that any authority relied upon be identified, produced, and shown to be presently sufficient.

**146.** Equity imputes an intention to fulfill an obligation. Those who assert custodial power are treated as obliged to account for the basis of that power and for property taken or retained in connection with it.

**147.** Equity will not allow a statute, label, classification, or administrative designation to be used as a cloak for injustice or as a substitute for a complete and reviewable basis of restraint.

**148.** Equity abhors a forfeiture. Property connected with the restraint should not be lost, converted, dissipated, or retained without a sufficient present basis, and should be preserved and returned where equity requires.

**149.** Equity will not suffer a party to take advantage of his own wrong. The restraint may not be used as the means by which examination of that restraint is prevented, frustrated, or delayed.

**150.** Equity acts specifically. The relief sought is disclosure, accounting, preservation, return of property, and, if no sufficient present basis is shown, termination of the restraint—not mere money compensation for liberty already lost.

**151.** Equity will not decree a vain or incomplete thing. Relief must be capable of practical effect through the natural persons before the Court who can produce records, account for property, and give effect to the Court's direction.

**152.** Plaintiff submits himself to the Court's equitable direction and asks that the Respondents likewise provide a complete, candid, verified, and particularized account of the authority they assert, supervise, maintain, or enforce and the property they possess, control, transferred, used, or withheld.

## Equitable Accounting of Custodial Authority

**153.** Plaintiff requests an equitable accounting of the authority presently relied upon to restrain B. J. K. Equity requires that one who asserts power over another's liberty account for the source and present sufficiency of that power.

**154.** The accounting must begin with the specific instrument or instruments claimed to authorize the present restraint—whether judgment, commitment, warrant, order, mittimus, or other writing—produced in complete form, not summarized.

**155.** For each such instrument, the accounting should state: its date; its issuing authority; its operative terms; whether it remains in force; whether any condition, limitation, expiration, satisfaction, or defect affects it; and whether it is claimed to be presently sufficient to authorize continued physical custody of B. J. K.

**156.** The accounting should identify each natural person or entity in the asserted custodial chain and each subsequent transfer, delegation, communication, acceptance, execution, and continuation of that authority.

**157.** The accounting should distinguish original authority from later administrative implementation and should not treat administrative labels as a substitute for the operative instrument.

**158.** The accounting should disclose whether the immediate custodian independently examined the authority upon which continued restraint is maintained, and if so, when and with what result.

**159.** The accounting should identify the natural person presently responsible for determining whether custody continues or ends.

**160.** The accounting should include the complete instruments and records actually relied upon rather than summaries or conclusory descriptions. Equity regards substance rather than form.

**161.** If any Respondent is unable to identify a presently sufficient instrument authorizing the restraint, that Respondent should so state plainly.

**162.** Failure to produce the complete present basis of custody—including the operative instruments connected with Case Number 1:21-cr-20243—when demanded under equity and when irreparable harm compounds daily, supports the inference that no sufficient present basis has been shown, and warrants termination of the restraint and restoration of property, including all rights, titles, bonds, and proceeds attached to that case.

## Request for Custodial Return

**163.** Plaintiff requests that the natural person presently serving as Warden of FCI Coleman Camp provide immediately a complete and verified custodial return concerning B. J. K. Because irreparable harm compounds daily, the return should not be deferred.

**164.** The custodial return should identify B. J. K. sufficiently for the Court's private review while preserving the public protective designation.

**165.** The custodial return should state when physical custody began and who delivered, transferred, directed, communicated, or authorized the custody.

**166.** The custodial return should identify every instrument presently relied upon to continue custody—including any judgment, commitment, warrant, order, mittimus, or other writing—and should attach or reproduce each complete operative instrument, not a summary.

**167.** For each instrument produced, the return should state whether that instrument is claimed to be presently sufficient to authorize the continuing physical restraint of B. J. K., and should identify any condition, limitation, expiration, satisfaction, alteration, or defect affecting it.

**168.** The custodial return should identify every discrepancy, omission, ambiguity, alteration, or unresolved question appearing within the custodial record.

**169.** The custodial return should identify the natural person presently capable of directing release or terminating the restraint.

**170.** The custodial return should state whether any independent examination of the asserted authority has occurred since custody began, and whether the immediate custodian claims personal knowledge that the restraint is presently supported by sufficient authority.

**171.** If the immediate custodian cannot identify a presently sufficient instrument authorizing the restraint, the return should so state plainly.

**172.** The custodial return should identify whether B. J. K. is considered a civilian.

**173.** The custodial return should identify whether B. J. K. has been designated or treated as an enemy, enemy combatant, belligerent, hostile actor, or agent of an enemy force.

**174.** If any such designation or treatment exists, the return should identify its source, author, factual foundation, date, purpose, present effect, and every person who adopted or relied upon it.

**175.** The custodial return is the primary equitable device by which the present basis of restraint is brought before the Court for examination of its sufficiency.

## Order to Show Cause Concerning Claimed Enemy Status

**176.** Plaintiff requests that each Respondent show cause why B. J. K. should not be recognized and treated as a civilian and non-enemy combatant.

**177.** Each Respondent should state directly whether that Respondent claims that B. J. K. is: (a) an enemy; (b) an enemy combatant; (c) a belligerent; (d) an agent or member of an enemy force; (e) a person acting under hostile military direction; or (f) a person outside the protections ordinarily owed to a civilian.

**178.** If any such claim is made, the asserting Respondent should identify every specific fact upon which the claim depends.

**179.** The response should identify any alleged hostile act, enemy affiliation, military direction, belligerent mission, armed conduct, or enemy command relationship.

**180.** The response should distinguish evidence from conclusion.

**181.** The response should distinguish personal knowledge from assumption, information, belief, or administrative repetition.

**182.** The response should identify the natural person who first created, made, communicated, approved, or adopted the asserted designation.

**183.** The response should identify every instrument, communication, record, directive, or determination in which the designation appears.

**184.** The response should state whether the designation is presently relied upon to maintain, justify, intensify, or defend the restraint.

**185.** Plaintiff further requests that each Respondent state whether that Respondent claims John Doe is an enemy, enemy combatant, belligerent, hostile actor, or agent of an enemy force.

**186.** If such a claim is made against John Doe, the asserting Respondent should identify every specific act, communication, affiliation, instruction, mission, command relationship, or hostile purpose relied upon.

**187.** If no Respondent claims that B. J. K. or John Doe possesses enemy character, Plaintiff requests that Respondents proceed consistently with their civilian and non-enemy character.

**188.** Silence, refusal to answer, vague conclusions, unsupported labels, or unexplained classifications should not be accepted as an adequate showing of enemy character.

## Respondent Jeanine Ferris Pirro

**189.** Plaintiff requests that Jeanine Ferris Pirro identify the nature and extent of any personal participation, supervision, communication, assertion, approval, reliance, defense, or responsibility concerning the continuing restraint.

**190.** Plaintiff requests identification of every source of authority personally relied upon.

**191.** Plaintiff requests identification of every material communication made or received concerning whether the restraint should continue.

**192.** Plaintiff requests identification of any act or omission by which the restraint was supported, defended, continued, supervised, or represented as valid.

**193.** Plaintiff requests a direct statement identifying whether this Respondent presently asserts that B. J. K.'s restraint should continue.

**194.** Plaintiff requests a direct statement identifying whether this Respondent claims that B. J. K. or John Doe possesses any enemy character.

**195.** Should either continued restraint or enemy character be asserted, Plaintiff requests a complete and verified statement of the factual and equitable basis for that assertion.

**196.** Plaintiff further requests that this Respondent identify and account for any property of B. J. K. that came within her possession, control, supervision, direction, knowledge, or asserted authority.

## Respondent Todd Blanche

**197.** Plaintiff requests that Todd Blanche identify the nature and extent of any personal participation, supervision, communication, assertion, approval, reliance, defense, or responsibility concerning the continuing restraint.

**198.** Plaintiff requests identification of every source of authority personally relied upon.

**199.** Plaintiff requests identification of every material communication made or received concerning whether the restraint should continue.

**200.** Plaintiff requests identification of any act or omission by which the restraint was supported, defended, continued, supervised, or represented as valid.

**201.** Plaintiff requests a direct statement identifying whether this Respondent presently asserts that B. J. K.'s restraint should continue.

**202.** Plaintiff requests a direct statement identifying whether this Respondent claims that B. J. K. or John Doe possesses any enemy character.

**203.** Should either continued restraint or enemy character be asserted, Plaintiff requests a complete and verified statement of the factual and equitable basis for that assertion.

**204.** Plaintiff further requests that this Respondent identify and account for any property of B. J. K. that came within his possession, control, supervision, direction, knowledge, or asserted authority.

## Immediate Custodial Respondent

**205.** The natural person presently serving as Warden of FCI Coleman Camp exercises immediate physical control over B. J. K.

**206.** The Warden is therefore capable of producing B. J. K., identifying the custodial record, preserving relevant evidence, accounting for property, and carrying out relief.

**207.** Plaintiff requests preservation of all records concerning the admission, transfer, classification, custody, restraint, communications, directives, property, and asserted authority relating to B. J. K.

**208.** Plaintiff requests that no relevant record or item of property be destroyed, altered, withheld, transferred, concealed, dissipated, converted, or rendered inaccessible while this matter remains under review.

**209.** Plaintiff requests that the Warden identify any natural person who instructed, requested, directed, authorized, supervised, or influenced the continuation of custody or the handling of B. J. K.'s property.

**210.** Plaintiff requests that the Warden state whether any conflict, omission, irregularity, uncertainty, or defect exists within the records relied upon.

**211.** Plaintiff requests that the Warden state whether B. J. K. is presently treated as a civilian or under any enemy, belligerent, military, hostile, or exceptional characterization.

**212.** Plaintiff requests that the Warden immediately inform the Court should the asserted custodial authority be incomplete, unclear, unsupported, expired, satisfied, defective, or otherwise incapable of sustaining continued restraint.

## Equitable Protection of Property: Maxims

**213.** Equity has long protected property against retention, forfeiture, or dissipation without a sufficient present basis. The maxims already stated—equity will not suffer a wrong without a remedy; equity abhors a forfeiture; equity regards as done that which ought to be done; equity acts specifically; and equity delights to do complete justice—apply with full force to the rights, titles, bonds, and proceeds connected with the restraint of B. J. K. and with Case Number 1:21-cr-20243.

**214.** Equity acts *in personam* against natural persons who, under color of authority, threaten or effect the deprivation of property without a sufficient present basis, and may restrain such conduct so that property rights are not destroyed, dissipated, or put beyond reach while review is pending. That principle supports preservation, accounting, and restoration here.

**215.** Equity abhors a forfeiture. Bonds, deposits, proceeds, and related interests are not to be treated as forfeited or permanently retained upon mere label, administrative assertion, or unexplained disposition. Where forfeiture or retention is claimed in connection with Case Number 1:21-cr-20243, the complete basis must be produced and examined.

**216.** Equity regards substance rather than form in matters of title and proceeds. A change of custodian, a docket entry, or a secondary description does not extinguish the underlying right or relieve the duty to account and, where no sufficient present basis is shown, to restore.

**217.** Equity will not suffer a party to take advantage of his own wrong. Property taken or retained in connection with a restraint may not be dissipated, concealed, or put beyond reach so as to defeat restoration after the restraint is examined.

**218.** Equity imputes an intention to fulfill an obligation. Those who received, controlled, or directed the handling of bonds, titles, or proceeds attached to Case Number 1:21-cr-20243 are treated as obliged to preserve, account for, and return what complete equity requires.

**219.** These principles, drawn from the historic practice of equity, require that the property connected with this restraint be identified, preserved, accounted for, and—where no sufficient present basis for retention is established—returned.

### Property Connected With the Restraint

**220.** The restraint of B. J. K. has involved, and property connected with the restraint includes, all rights, titles, interests, bonds, securities, proceeds, and other value attached to or arising from Case Number 1:21-cr-20243 (also referenced as 113C 1:21CR20243), together with all tangible and intangible property taken, retained, transferred, controlled, used, withheld, or otherwise affected in connection with that case and the restraint of B. J. K.

**221.** For purposes of this complaint, "property connected with the restraint" includes, without limitation: all rights, titles, claims, interests, bonds, appearance bonds, surety bonds, property bonds, cash bonds, securities, deposits, proceeds, forfeitures, seizures, levies, liens, and recoveries attached to, derived from, or held in connection with Case Number 1:21-cr-20243; and all other tangible and intangible property taken, received, retained, controlled, transferred, withheld, used, or affected in connection with the restraint.

**222.** Such property further includes money, funds, accounts, credits, financial instruments, personal effects, clothing, jewelry, books, papers, photographs, correspondence, identification documents, credentials, records, certificates, files, telephones, computers, electronic devices, storage media, digital files, account information, mail, communications, legal materials, private writings, confidential documents, vehicles, equipment, tools, business property, household property, property held by another person or entity for the benefit of B. J. K., and all proceeds, substitutions, replacements, products, earnings, increases, or other value derived from such property.

**223.** Plaintiff specifically demands a complete equitable accounting of all rights, titles, bonds, and proceeds attached to Case Number 1:21-cr-20243, including: the nature and amount of each bond or deposit; the identity of every obligor, surety, and beneficiary; every seizure, forfeiture, retention, or transfer of proceeds; the present location and custodian of each such interest; and whether any sufficient present basis exists for continued retention.

**224.** Plaintiff further requests a complete equitable accounting identifying all other property connected with the restraint.

**225.** The accounting should identify each item of property taken, received, retained, controlled, transferred, withheld, used, altered, lost, destroyed, or disposed of—including every right, title, bond, and proceed attached to Case Number 1:21-cr-20243.

**226.** The accounting should state the date and place the property was taken or received; the natural person who took, received, inventoried, transferred, or authorized control over it; the reason asserted for taking or retaining it; every person, office, institution, contractor, custodian, or entity that possessed or controlled it; every transfer, release, use, conversion, alteration, destruction, or disposition affecting it; the property's present location, condition, and custodian; whether the property remains intact and available for return; whether any proceeds, substitutions, earnings, or other benefits were derived from it; and the natural person presently capable of returning the property or directing its return.

**227.** The accounting should be supported by complete inventories, receipts, bond records, docket entries, forfeiture records, logs, photographs, transfer records, chain of custody records, communications, authorizations, storage records, disposition records, and other materials concerning the property and concerning Case Number 1:21-cr-20243.

**228.** Each Respondent should identify any property of B. J. K.—including any right, title, bond, or proceed attached to Case Number 1:21-cr-20243—that came within that Respondent's possession, custody, control, supervision, direction, knowledge, or authority.

**229.** Each Respondent should identify every act taken concerning such property and every natural person or entity to whom the property was delivered, transferred, assigned, entrusted, or disclosed.

**230.** Plaintiff requests preservation of all property connected with the restraint, including all rights, titles, bonds, and proceeds attached to Case Number 1:21-cr-20243, pending complete review—consistent with the equitable principle that property must not be destroyed, dissipated, or put beyond reach while the lawfulness of the underlying assertion of power is examined.

**231.** No Respondent, custodian, agent, contractor, institution, or person acting in concert with a Respondent should destroy, alter, conceal, dissipate, transfer, encumber, use, convert, dispose of, or render unavailable any such property.

**232.** Plaintiff requests the immediate return of all property belonging to B. J. K.—including all rights, titles, bonds, and proceeds attached to Case Number 1:21-cr-20243—for which no sufficient present basis for continued retention is established. Equity abhors a forfeiture and will not decree retention upon mere form.

**233.** Property capable of physical return should be returned in substantially the same condition in which it was taken, subject only to ordinary wear that is fully disclosed and accounted for.

**234.** Money, funds, proceeds, credits, bond amounts, or other value should be returned together with any traceable increases, earnings, substitutions, or benefits derived from them. Equity regards as done that which ought to be done.

**235.** Where property has been lost, destroyed, transferred beyond recovery, consumed, altered, forfeited, or converted, the person responsible should provide a complete verified explanation and account for the property's value and disposition, including the asserted authority for any forfeiture or retention connected to Case Number 1:21-cr-20243.

**236.** The return of property should not be avoided through transfer to another custodian, institution, contractor, office, natural person, or entity. Equity regards substance rather than form.

**237.** Plaintiff requests complete relief concerning both the restraint of B. J. K.'s person and the property affected by or connected with that restraint, including specifically all rights, titles, bonds, and proceeds attached to Case Number 1:21-cr-20243.

## Property Accounting by the Immediate Custodian

**238.** The natural person presently serving as Warden of FCI Coleman Camp should provide a complete inventory and accounting of all property received with B. J. K., taken from B. J. K., held for B. J. K., delivered to B. J. K., withheld from B. J. K., or transferred during the custody—including any records or information concerning rights, titles, bonds, or proceeds attached to Case Number 1:21-cr-20243 within the Warden's knowledge or control.

**239.** The Warden should identify all property presently maintained in storage, trust, inventory, evidence, mail, records, personal property, financial, electronic, or other custodial systems associated with B. J. K.

**240.** The Warden should identify any property transferred to or received from another institution, custodian, office, contractor, natural person, or entity.

**241.** The Warden should identify any property claimed to be lost, abandoned, destroyed, prohibited, forfeited, unclaimed, converted, or otherwise unavailable—including any bond, proceed, or interest connected to Case Number 1:21-cr-20243.

**242.** For every unavailable item, the Warden should identify the person responsible, the asserted reason, the date of disposition, the authority relied upon, the records created, and the property's value.

**243.** The Warden should preserve the property and associated records until the Court completes review and directs its proper disposition.

## Preservation of the Subject Matter

**244.** The liberty of B. J. K. and the property connected with the restraint are central subjects of this proceeding.

**245.** Relevant records, communications, instruments, classifications, property, and custodial materials are necessary for complete review.

**246.** Plaintiff requests preservation of the person, property, records, evidence, communications, instruments, and custodial chain involved.

**247.** Plaintiff requests that B. J. K. not be transferred in a manner that frustrates review, separates the immediate custodian from the proceeding, conceals relevant records or property, or prevents effective relief.

**248.** Plaintiff requests that any contemplated transfer be disclosed to the Court before it occurs, except where immediate necessity makes prior disclosure impossible.

**249.** Plaintiff requests that access necessary for preparation, communication, and verification of this matter not be obstructed.

**250.** Plaintiff requests preservation sufficient to ensure that the Court can accomplish complete justice rather than incomplete or ineffective relief.

## Need for Prompt Review

**251.** The restraint is continuing. Equity regards the injury as present and renewed each day the restraint continues.

**252.** The injury is renewed each day. Irreparable harm compounds daily. Each day of continued restraint is a day of liberty that cannot later be restored. Delay defeats equities.

**253.** The information necessary to explain the restraint, any asserted enemy characterization, and the handling of property is primarily within the possession or control of the Respondents.

**254.** Prompt review is necessary to determine whether the restraint rests upon a complete and presently sufficient foundation, consistent with the maxim that equity will not suffer a wrong without a remedy.

**255.** Prompt review is also necessary to determine whether B. J. K. has been treated consistently with his civilian and non-enemy character and whether property connected with the restraint has been lawfully retained, preserved, and accounted for.

**256.** Plaintiff demands that each Respondent immediately address and identify the custodial authority presently relied upon to restrain B. J. K. The demand is made because irreparable harm to liberty compounds daily, and because equity will not permit the restraint to continue unexamined while days of liberty are lost.

**257.** Plaintiff further demands that the immediate custodian provide, without delay, a complete and verified custodial return stating the present basis of custody, the instruments relied upon, and whether that basis is claimed to be presently sufficient—so that the Court may determine promptly whether the restraint may properly continue.

**258.** Plaintiff requests that Respondents answer specifically and immediately rather than through general denials, labels, summaries, classifications, or unsupported conclusions. Equity regards substance rather than form.

**259.** Plaintiff requests that the Court examine the actual instruments, evidence, communications, classifications, property records, and conduct upon which custody and property retention depend.

**260.** Plaintiff requests priority consideration and immediate direction to Respondents proportionate to the continuing loss of liberty and the compounding irreparable harm, and to the risk of loss, transfer, alteration, or dissipation of property, so that equity may accomplish complete justice rather than justice by halves.

## Prayer for Equitable Relief

**WHEREFORE, Plaintiff respectfully requests that the Court:**

- **A.** Accept this verified constitutional complaint in equity for review;
- **B.** Recognize Plaintiff's protective designation as John Doe pending further direction;

**C.** Recognize the initials B. J. K. as the protective public designation of the restrained civilian;

**D.** Protect the identities of John Doe and B. J. K. from unnecessary public disclosure;

**E.** Permit identifying and relationship information to be submitted privately where necessary;

**F.** Recognize Plaintiff's appearance as Next Friend because Plaintiff is a real natural person with a longstanding, genuine, and significant relationship to B. J. K.; has maintained direct communication with B. J. K. including recent expression of B. J. K.'s desire for review; is truly dedicated to B. J. K.'s interests with no personal or financial motive; and appears because B. J. K. is presently restrained and lacks the practical freedom to present the matter fully himself—and receive under seal Plaintiff's verified declaration, identifying information, and Packet B (containing an oath of allegiance and a rescission of signature) confirming the same;

**G.** Recognize B. J. K. as a civilian and non-enemy combatant unless a Respondent establishes a particularized factual basis for a contrary characterization;

**H.** Recognize John Doe as a civilian, Private Citizen, and non-enemy person appearing solely as Next Friend;

**I.** Direct each Respondent to state whether that Respondent claims that B. J. K. or John Doe is an enemy, enemy combatant, belligerent, hostile actor, or agent of an enemy force;

**J.** Require any Respondent making such a claim to identify the complete factual basis, evidence, records, communications, direction, affiliation, mission, and natural persons responsible for that claim;

**K.** Direct Respondents to show cause why B. J. K. should not receive the meaningful process owed to a civilian and non-enemy combatant;

**L.** Examine the distinction reflected in *Ex parte Milligan* and *Ex parte Quirin* according to the actual character, conduct, allegiance, direction, mission, and circumstances of B. J. K.;

**M.** Reject any implied, presumed, unexplained, or unsupported enemy characterization;

**N.** Because irreparable harm compounds daily, direct each Respondent to address immediately the custodial authority presently relied upon to restrain B. J. K.;

**O.** Direct the natural person presently serving as Warden of FCI Coleman Camp to provide forthwith a complete and verified custodial return identifying and attaching every instrument presently relied upon—including any judgment, commitment, warrant, order, mittimus, or other writing—and stating whether each is claimed to be presently sufficient;

**P.** Direct each Respondent to identify the authority personally asserted, exercised, supervised, communicated, relied upon, maintained, defended, or enforced concerning the restraint, and to produce the complete instruments rather than summaries;

**Q.** Require an equitable accounting of the complete custodial chain, beginning with the operative instrument of present authority;

**R.** Require identification of the natural person presently responsible for continuing or terminating the restraint;

**S.** Require each Respondent to identify all property connected with the restraint of B. J. K., including specifically all rights, titles, bonds, and proceeds attached to Case Number 1:21-cr-20243 (also referenced as 113C 1:21CR20243);

**T.** Require a complete and verified accounting of all tangible and intangible property taken, received, retained, controlled, transferred, withheld, used, altered, lost, destroyed, or disposed of in connection with the restraint, and of all rights, titles, bonds, securities, deposits, and proceeds attached to or arising from Case Number 1:21-cr-20243;

**U.** Require production of all inventories, receipts, bond records, docket entries, forfeiture records, logs, chain of custody records, transfer records, storage records, communications, authorizations, and disposition records concerning such property and concerning Case Number 1:21-cr-20243;

**V.** Direct preservation of all property and records connected with the restraint, including all rights, titles, bonds, and proceeds attached to Case Number 1:21-cr-20243;

**W.** Restrain the destruction, concealment, transfer, dissipation, conversion, alteration, encumbrance, use, or disposition of such property pending complete review;

X. Direct the immediate return of all property belonging to B. J. K.—including all rights, titles, bonds, and proceeds attached to Case Number 1:21-cr-20243—for which no sufficient present basis for continued retention is established;

Y. Direct the return of all money, funds, bond amounts, proceeds, substitutions, earnings, increases, or benefits derived from property belonging to B. J. K. or attached to Case Number 1:21-cr-20243;

Z. Require a verified explanation and full accounting for any property claimed to be lost, destroyed, transferred, consumed, converted, abandoned, forfeited, or otherwise unavailable, including the asserted authority for any forfeiture or retention connected to Case Number 1:21-cr-20243;

AA. Identify the natural person presently responsible for possessing, controlling, preserving, accounting for, or returning each item of property, including each right, title, bond, and proceed attached to Case Number 1:21-cr-20243;

AB. Prevent avoidance of return or accounting through transfer of property to another person, custodian, institution, office, contractor, or entity;

AC. Restore to B. J. K. all property, proceeds, records, effects, rights, titles, bonds, and value that complete equity requires be returned, including those attached to Case Number 1:21-cr-20243;

AD. Preserve all records, communications, classifications, instruments, evidence, custodial information, and property relating to B. J. K.;

AE. Prevent any action designed or likely to frustrate the Court's review or ability to provide complete relief;

AF. Direct that any material change in custody, location, authority, classification, asserted basis of restraint, possession of property, or property condition be promptly disclosed;

AG. Examine first the substance and present sufficiency of the asserted custodial authority by reference to the complete instruments produced, and only then any asserted basis for continued property retention;

AH. Determine whether a presently sufficient basis for the continuing restraint of B. J. K. has been shown; if no Respondent produces and establishes such a basis, terminate the restraint;

AI. Conduct prompt and prioritized equitable review proportionate to the continuing restraint of liberty and the compounding irreparable harm;

AJ. Direct production of B. J. K. where necessary for complete examination;

AK. Direct such corrective conduct as is necessary to restore and protect the liberty and property placed before the Court;

AL. Retain equitable supervision until all directed relief, including accounting, preservation, restoration, and return of property, has been fully performed; and

AM. Grant such other and further equitable relief as complete justice requires.

## Affirmation Under Penalty of Perjury

I, John Doe, a Private Citizen and natural person appearing as Next Friend for B. J. K., solemnly affirm under penalty of perjury that I have read the foregoing Verified Constitutional Complaint in Equity and that all factual statements and allegations contained herein are true and correct to the best of my personal knowledge, information, understanding, direct communication, and good faith inquiry. Where a matter is stated upon information and belief, I affirm that it is presented in good faith after reasonable inquiry and is believed to be true and correct.

Respectfully submitted,

Signature:

**J.D.**

(Initials of John Doe — blue ink)

John Doe
A Private Citizen and natural person
Proceeding under a protective designation
As Next Friend for B. J. K.

Date: August 9, 2026
Place: United States of America

*Contact information submitted privately or under protective cover.*

## Verification of John Doe

I, John Doe, a Private Citizen and natural person appearing as Next Friend for B. J. K., verify that I have read the foregoing complaint.

I personally know B. J. K. through a longstanding, direct, genuine, and continuing relationship of trust. I am a real natural person of full capacity. I am truly dedicated to B. J. K.'s interests in this matter and seek no personal, financial, or collateral benefit from this appearance.

I have maintained direct and recent communication with B. J. K., including communications in which B. J. K. expressed the desire that the continuing restraint receive meaningful review. I possess personal knowledge of his present restraint, circumstances, civilian character, expressed interests, and practical inability to prepare and pursue this matter with the freedom available to an unrestrained person. I am prepared to submit under seal a verified declaration further describing the relationship, communications, and necessity for this Next Friend appearance, together with Packet B containing an oath of allegiance and a rescission of signature, offered in support of standing, civilian character, and present sufficiency of any instrument relied upon.

The public name "John Doe" protects my identity. The initials "B. J. K." protect the identity of the restrained civilian whom I represent as Next Friend.

Under penalty of perjury, I solemnly affirm that all factual statements and allegations contained in this complaint are true and correct to the best of my personal knowledge, information, understanding, direct communication, and good faith inquiry. Where a matter is stated upon information and belief, I affirm that it is presented in good faith after reasonable inquiry and is believed to be true and correct.

Executed on: August 9, 2026
Place: United States of America

Signature: JD
**J.D.**
(Initials of John Doe — blue ink)

John Doe
A Private Citizen and natural person
As Next Friend for B. J. K.

Acknowledged by B. J. K.: BJK
**B.J.K.**
(Acknowledgment — blue ink)